William C. Milks, III (SBN 114083)
Email: bmilks@sbcglobal.net
LAW OFFICES OF WILLIAM C. MILKS, III
40 Main Street
Los Altos, CA 94022
Telephone: (650) 930-6780
Facsimile: (650) 949-0844

Attorney for Plaintiff AL CABRINI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AL CABRINI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CASPAR CHOU, an individual, and DOES 1-20,<br><br>Defendants. | Case No. 2:20-cv-04518-SVW-AFM<br><br>[~~XXXXXXX~~] [~~PROPOSED~~] ORDER re APPLICATION FOR CLERK TO ENTER DEFAULT JUDGMENT PURSUANT TO F.R.Civ.P. RULE 55(b)(1) AND LOCAL RULES L.R. 55-1 AND 55-3 AGAINST DEFENDANT CASPAR CHOU |

Having duly considered the APPLICATION FOR DEFAULT JUDGMENT PURSUANT TO F.R.Civ.P. RULE 55(b)(1) AND LOCAL RULES L.R. 55-1 AND 55-3 AGAINST DEFENDANT CASPAR CHOU filed on July 9, 2020 by Plaintiff AL CABRINI requesting the Clerk of this Court to enter a default judgment against named Defendant CASPAR CHOU in the above-captioned action, the Clerk hereby **GRANTS** DEFAULT JUDGMENT based on the record in this case.

## BACKGROUND

Plaintiff AL CABRINI ("Plaintiff") is a resident of Florida.  Plaintiff filed his COMPLAINT (DOCUMENT 1) ("Plaintiff's COMPLAINT") against Defendant CASPAR CHOU, who is a resident of California, on May 19, 2020 based on 28 U.S.C. § 1332(a)(1) diversity jurisdiction and 28 U.S.C. § 1367 conferring jurisdiction over Plaintiff's California common law and statutory claims against Defendant CASPAR CHOU.

Plaintiff's COMPLAINT pled claims including a claim for rescission (FIRST CLAIM FOR RELIEF (Intentional Misrepresentation/Fraud in the Inducement) under California law.  (*See*, California Civ. Code §§ 1689(b)(1) and 1691.)  Plaintiff's COMPLAINT states that on March 2, 2020, Plaintiff gave notice of rescission to Defendant CASPAR CHOU and offered to tender back all benefits

DEFAULT JUDGMENT                    2

received by Plaintiff under the rescinded contracts.  (*See*, Plaintiff's COMPLAINT at ¶ 34.)

Defendant CASPAR CHOU was served with Summons and Plaintiff's COMPLAINT on May 27, 2020.  (*See*, DOCUMENT 11.)  Defendant CASPAR CHOU failed to respond to Plaintiff's COMPLAINT within 21 days.

On June 23, 2020, Plaintiff filed a request for the Clerk to enter the default of Defendant CASPAR CHOU pursuant to F.R.Civ.P. Rule 55(a).  (*See*, DOCUMENT 12.)  On June 24, 2020, the Clerk entered the default of Defendant CASPAR CHOU.  (*See*, DOCUMENT 13.)

## PLAINTIFF'S APPLICATION TO ENTER DEFAULT JUDGMENT

Local Rule L.R. 55-1 provides:

***L.R. 55-1 Default Judgments.*** When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) and include the following:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

When Plaintiff has met the requirements of Local Rule L.R. 55-1, F.R.Civ.P. Rule 55(b)(1) provides:

(b) Entering a Default Judgment.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

The Clerk has reviewed the following documents filed by Plaintiff:

1) APPLICATION FOR CLERK TO ENTER DEFAULT JUDGMENT PURSUANT TO F.R.Civ.P. RULE 55(b)(1) AND LOCAL RULES L.R. 55-1 AND 55-3 AGAINST DEFENDANT CASPAR CHOU;

2) DECLARATION OF AL CABRINI IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CASPAR CHOU, including the exhibits attached thereto (the "Cabrini Declaration"); and

3) DECLARATION OF WILLIAM C. MILKS, III IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CASPAR CHOU, including the exhibits attached thereto ("the Milks Declaration").  Based on the Clerk's review of said documents, the Clerk finds that Plaintiff has met the requirements of Local Rule L.R. 55-1 and F.R.Civ.P. Rule 55(b)(1) for the grant of default judgment against Defendant CASPAR CHOU.

DEFAULT JUDGMENT                4

## DEFAULT JUDGMENT AGAINST DEFENDANT CHOU

The Clerk of this Court hereby **GRANTS** Plaintiff's APPLICATION FOR DEFAULT JUDGMENT PURSUANT TO F.R.Civ.P. RULE 55(b)(1) AND LOCAL RULES L.R. 55-1 AND 55-3 AGAINST DEFENDANT CASPAR CHOU and enters default judgment against Defendant CASPAR CHOU in the above-captioned action pursuant to F.R.Civ.P. RULE 55(b)(1), Local Rules L.R. 55-1 and 55-3, and 28 U.S.C. § 1961(a) and (b) as follows:

1. The principal amount of **$612,940.16** (*See*, Cabrini Declaration at ¶¶ 3-12 and Exhibits 1-7 attached thereto);

2. Costs in the amount of **$525.00** (*See*, Milks Declaration at ¶ 8);

3. Prejudgment interest in the amount of **$21,327.11 as of July 7, 2020, plus $167.93 per day until default judgment is entered by the Clerk** (*See*, Cabrini Declaration at ¶ 14; **California Civ. Code §§ 3287(a) and 3289(b);** *Leaf v. Phil Rauch, Inc.* **(1975) 47 Cal. App. 3d 372, 376-377**);

4. Attorney's fees in the amount of **$15,858.80** (*See*, Milks Declaration at ¶ 10); and

DEFAULT JUDGMENT                    5

5. Post-judgment interest at 0.16 percent (0.16%), with interest computed daily to the date of payment and to be compounded annually until the judgment is satisfied (*See*, Milks Declaration at ¶ 11).

CLERK, U.S. DISTRICT COURT

Dated:   August 3, 2020   By: _____

Margo Mead, Deputy Clerk

DEFAULT JUDGMENT                    6